BULLOCK *v.* HARPOLE, SUPT. STATE PENITENTIARY

No. 40781       May 12, 1958       102 So. 2d 687

*Paul D. Montjoy,* Greenwood; *Vincent F. Kilborn,* Mobile, Alabama, for appellant.

*J. R. Griffin, Asst. Atty. Gen.,* Jackson, for appellee.

KYLE, J.

This case is before us on appeal by George Bullock, appellant, from a final order of the Honorable Arthur Jordan, presiding judge of the Circuit Court of Sunflower County, denying the relief prayed for in the appellant's petition for a writ of habeas corpus.

The record shows that the appellant was indicted at the February 1956 term of the Circuit Court of George County, for the crime of rape. The indictment was returned on February 15, 1956, and on that date the court appointed W. T. Bailey, a duly licensed attorney and a member of the Bar of George County, to represent the appellant in the trial of the case. The appellant was arraigned on February 20, 1956, and entered a plea of not guilty, and the trial was set for February 23, 1956. On that date the appellant appeared in open court with his attorney and withdrew his plea of not guilty and entered a plea of guilty to the indictment returned against him. The plea of guilty was accepted by the court and a judgment was entered sentencing the appellant to life imprisonment in the State Penitentiary.

The petition for the writ of habeas corpus was filed on June 17, 1957, against the Superintendent of the State Penitentiary.

The petitioner alleged in his petition that he was being held and incarcerated by the said Superintendent by virtue of a commitment issued out of the Circuit Court of George County pursuant to the above mentioned judgment, and that his imprisonment was illegal, in that he had not been legally adjudicated guilty of rape upon the plea of guilty and the court was not empowered to fix the punishment of the petitioner upon a plea of guilty, for the reason that the sole power of fixing the punishment in such case was by the terms of the statute vested in the jury. The petitioner further alleged that the sentence imposed by the court was not authorized by law for the reason that the petitioner at the time the indictment was returned and at the time of the purported sentence was a minor 15 years of age; and that it was the duty of the court, upon the acceptance of the plea of guilty, to remand the petitioner to the Youth Court pursuant to the Youth Court Act of 1946 for further proceedings under that act. The petitioner further alleged that the indictment upon which he was sentenced was in contravention of Section 26 of the State Constitution. Finally, the petitioner alleged that the plea of guilty was not entered by him of his own free will, but under duress, fear and promise of reward, and after he had been advised by his counsel that the only alternative to escape the death penalty was to enter such plea of guilty.

The petitioner attached to his petition copies of the indictment, the orders of the court, and memoranda shown on the docket of the trial judge; also a copy of his birth certificate, and an affidavit signed by the petitioner, in which he stated facts substantially as follows: That after the case had been set for trial on February 23, 1956, petitioner was advised by his attorney, W. T. Bailey, that the attorney had asked the trial judge to continue the

case in order that the attorney and his client might have ample time in which to prepare the case for trial, but the judge had refused to grant such continuance; that petitioner was further advised by his attorney that in his opinion it would be best for petitioner to request permission to withdraw his plea of not guilty and enter a plea of guilty; and that petitioner agreed to enter the the plea of guilty only after he had talked to his attorney and after James Finch, another attorney, had told him that it would not be possible for him to represent him during the trial, that the community was badly prejudiced against him, and that he believed that if the petitioner chose to go to trial the jury would not hesitate to give him the extreme penalty. The petitioner also stated in his affidavit that he was not guilty of the crime charged against him; that he entered the plea of guilty because he was afraid to do otherwise; and that James T. Strickland, another attorney, told him that if he would plead guilty, he would get him out of prison within six months.

The petitioner offered no other evidence in support of his petition.

The Circuit Judge of Sunflower County found that the petitioner, at the time he entered a plea of guilty to the charge of rape was fully cognizant of his rights and was ably defended by counsel; that his plea was entered by agreement with the district attorney; and that no objection was raised to the course thereafter pursued by the court until the filing of the petition for a writ of habeas corpus in this cause. The circuit judge found that the judgment of the Circuit Court of George County, under which the petitioner was committed, was a valid judgment, and the petitioner was not entitled to the relief prayed for.

The main point argued by the appellant's attorneys as ground for reversal of the order dismissing his petitioner for the writ of habeas corpus is that the Circuit Court of George County had no jurisdiction to render a

judgment fixing the punishment of the appellant at life imprisonment in the State Penitentiary in the absence of a jury verdict fixing the punishment at life imprisonment; and the appellant's attorneys cite in support of their contention on this point Dickerson v. State, 202 Miss. 804, 32 So. 2d 881.

We have given careful consideration to the argument made on behalf of the appellant on that point; and in our opinion the point is not well taken. The Circuit Court of George County had jurisdiction of the person of the petitioner and of the subject matter, and we think the court had the power to render the judgment which it did render.

This case is entirely unlike the Dickerson case. The Dickerson case was before this Court on direct appeal from a judgment imposing a death sentence upon the defendant, who had been indicted and tried and convicted of murder. The defendant's guilt was so conclusively shown as to leave him no possible avenue of escape so far as the facts were concerned. But the defendant assigned three grounds for a reversal of the judgment. Only one of the grounds was discussed by this Court in its opinion affirming the death sentence, and that was, that the defendant had offered to plead guilty and had insisted that the plea be entered, and that the trial judge had no authority to do otherwise than to accept his plea as offered, since it was offered without reservation. But the Court held that there was no error in the trial judge's refusal to accept the plea of guilty, and in its opinion said:

"In some states the statutes permit pleas of guilty in capital cases, and authorize the trial judge to impose the death penalty if upon an examination of the facts such a penalty is deserved. We have no such statute in this state. Rather, all our statutes in capital cases place the death sentence within the sole province of the jury, and no such sentence can be imposed by any judge unless he has the authority of the jury therefor."

The Court then held that the trial judge had a right to refuse to accept the plea of guilty and to order that a plea of not guilty be entered for the defendant and that the issue be submitted to a jury, which would have the right to authorize the imposition of the death penalty, if it saw fit to do so. Having thus disposed of the defendant's main contention on the appeal, the Court in its opinion said: "Let it be distinctly understood that we are not discussing or considering a situation where the district attorney consents to a plea of guilty and agrees to a sentence less than capital. Such a case is not here before us." It can be readily seen that the Court in that case pretermitted entirely a discussion of the question that we have before us on this appeal.

Wharton says that "The plea of guilty has the same effect in respect to the subsequent proceedings thereon against the accused as a verdict of guilty; and if it is unqualified he may be sentenced to any degree of punishment imposed by law for the offense alleged in the indictment." Wharton's Criminal Law and Procedure, Vol. 4,p. 769, par. 1901.

The general rule governing the right of the court to pronounce sentence after the accused has entered a plea of guilty, is stated in 24 C. J. S., p. 23, Criminal Law, par. 1563a, as follows:

"In the absence of a contrary statute, where accused enters a plea of guitly or of nolo contendere, it is the right and duty of the court to pronounce sentence as on a vedict, and ordinarily no evidence or independent adjudication of guilt is required; but as a condition for pronouncing sentence the court should know the facts on which the plea is based, and be satisfied that it was properly entered." In some jurisdictions the statutes expressly require that, on a plea of guilty, in certain offenses, the court shall empanel a jury to determine the degree of the offense of which the accused is guilty. 24 C. J. S., 27, Criminal Law, par. 1563 b (2); and cases cited. We have no such statute.

The appellant in this case was indicted under Section 2358, Code of 1942, which provides that a person convicted of the crime of rape, as defined in the statute, shall suffer death, unless the jury shall fix the punishment at imprisonment in the penitentiary for life, as it may do in case of murder.

Section 2536, Code of 1942, provides as follows:

"In any case in which the penalty prescribed by law upon the conviction of the accused is death, except in cases otherwise provided, the jury finding a verdict of guilty may fix the punishment at imprisonment for the natural life of the party; and thereupon the court shall sentence him accordingly; but if the jury shall not thus prescribe the punishment, the court shall sentence the party found guilty to suffer death, unless the jury by its verdict certify that it was unable to agree upon the punishment, in which case the court shall sentence the accused to imprisonment in the penitentiary for life."

■■ ■ It can be readily seen, as stated in the Dickerson case, supra, that the statutes place the death sentence within the sole province of the jury, and no such sentence can be imposed by any judge unless he has the authority of the jury therefor. Neither of the statutes mentioned above, however, expressly requires that a jury be empaneled on a plea of guilty for the purpose of fixing the punishment at life imprisonment, if the trial judge sees fit to accept the plea of guilty with the understanding that the milder sentence shall be imposed. A jury in this case could have fixed no lighter punishment than that which the court imposed. The appellant could have gained nothing by having the court go through the formality of empaneling a jury for the purpose of obtaining the jury's approval of the sentence of life imprisonment, and no prejudice resulted from the failure of the trial judge to empanel a jury to fix the punishment. We think that no constitutional right of the appellant was

violated when the court pronounced the sentence without empaneling a jury to fix the punishment.

It is next argued that the judgment of the Circuit Court of George County should be held to be invalid for the reason that the record of the proceedings of that court is silent as to any determination by the court regarding the voluntary character of the appellant's plea of guilty; and that the record fails to show that the court made any investigation to satisfy itself that the appellant fully understood and appreciated the consequences of his plea of guilty.

■■ ■ In answer to that contention, we say that it was the duty of the Circuit Court of George County, before accepting the appellant's plea of guilty in this case, to determine that the applicant entered the plea of guilty freely and voluntarily, and that he was competent to know and understand the consequences of his act. But we have so statute which requires that the judgment of the court contain a finding that these rules of procedure have been complied with before such plea of guilty can be accepted and final judgment entered thereon. ■■■ The judgment itself raises a presumption that what ought to have been done by the trial judge with respect to receiving such plea was done; and, in the absence of any showing to the contrary, we must assume that the trial judge saw to it that the plea was voluntary, and that the defendant fully realized, and was competent to know the consequences of such plea. State v. Hill, 81 W. Va. 676, 95 S. E. 21, 6 A. L. R. 687. It should also be noted that the appellant's own affidavit in this case shows that he was advised by competent attorneys before he entered his plea of guilty, and that he entered the plea of guilty upon the advice of his attorney and received the mildest sentence that could have been given under the law for the offense charged against him.

■■ ■ Finally, it is argued that the court erred in proceeding to judgment against the appellant upon his

plea of guilty without conducting a hearing in accordance with the requirement of the Youth Court Act, Chapter 207, Laws of 1946 (Section 7185-01 to 30, Code of 1942, Recompiled). But there is no merit in that contention. Cases of this kind are expressly excepted from the provisions of the Youth Court Act. Section 15 of Chapter 207, Laws of 1946 (Section 7185-15, Code of 1942, Recompiled), expressly provides that "the circuit court shall have exclusive jurisdiction of such child if he be charged with any crime which, upon conviction, is punishable by life imprisonment or death."

For the reasons stated above, the judgment of the lower court is affirmed.

Affirmed.

*Roberds P. J.*, and *Hall, Holmes* and *Gillespie, JJ.*, concur.