372 So.2d 257 (1979)
Jacob STEWART
v.
STATE of Mississippi.
No. 51195.
Supreme Court of Mississippi.
May 2, 1979.
Rehearing Denied July 11, 1979.
M. Charles May, Clyde Eiland Harris, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Susan L. Runnels, Sp. Asst. Atty. Gen., Jackson, for appellee.
EN BANC.
SUGG, Justice, for the Court:
Defendant was convicted of armed robbery under Section 97-3-79 Mississippi Code Annotated (Supp. 1978).[1] The verdict *258 of the jury was: "We, the jury, find the defendant guilty as charged." The jury did not fix the penalty at imprisonment for life and the trial judge sentenced the defendant to 75 years in the State Department of Corrections.
Defendant contends that the imposition of a 75 year sentence is excessive under the statute, and the sentence amounts to cruel and unusual punishment in violation of the Constitutions of the United States and the State of Mississippi. We reject the argument that the sentence constitutes cruel and unusual punishment in violation of the Constitutions, but hold that the sentence is excessive because it is for a longer period of time than permitted by statute.
We have conflicting decisions on the latter question. See Lee v. State, 322 So.2d 751 (Miss. 1975), and McAdory v. State, 354 So.2d 263 (Miss. 1978). In Lee, the defendant was convicted of forcible rape and sentenced to life imprisonment. We affirm the conviction but remanded for imposition of proper sentence and stated:
The appellant next contends the sentence of life imprisonment by the court was beyond the limits of Mississippi Code Annotated section 97-3-65 (Supp. 1974). With regard to punishment it states:
"... upon conviction shall be imprisoned for life in the state penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment the court shall fix the penalty at imprisonment in the state penitentiary for any term as the court, in its discretion, may determine."
With this contention we agree. The jury returned a verdict of guilty. It did not fix the penalty at life imprisonment in the penitentiary thereby, in accord with the statute, leaving the question of sentence within the court's discretion. The issue presented is whether a trial judge under this section may impose a sentence of life when the jury has "failed" to do so. We think not. In Bullock v. Harpole, 233 Miss. 486, 102 So.2d 687 (1958). we had this to say concerning a similar statute:
"It can be readily seen, as stated in the Dickerson case, supra [Dickerson v. State, 202 Miss. 804, 32 So.2d 881], that the statutes place the death sentence within the sole province of the jury, and no such sentence can be imposed by any judge unless he has the authority of the jury therefor." (233 Miss. at 494, 102 So.2d at 690.)

The statute before us places the imposition of a life sentence within the sole province of the jury and, in our opinion, no such sentence can be imposed by a judge unless he has the authority from the jury so to do. The statute presupposes, absent a jury recommendation of life imprisonment, that the judge will sentence the defendant to a definite term reasonably expected to be less than life We therefore affirm and remand for proper sentence. (Emphasis Supplied). (322 So.2d at 753).
We expressed a different view in McAdory v. State when we held that a 90 year sentence for armed robbery was not excessive under section 97-3-79. In McAdory, we stated:
We do not agree with appellant's assignment of error that the sentence of the lower court was manifestly excessive and constituted unusual and excessive punishment in violation of both the United States and the Mississippi Constitutions. Under the provisions of Mississippi Code Annotated section 97-3-79 (Supp. 1977), the jury could have imposed a life sentence. In the event the jury failed to impose sentence, as was done in this case, the lower court had the discretion under the statute to impose a life sentence.

.....

*259 Therefore, we conclude that the sentence of 90 years imposed by the lower court was within the statutory limitation and from the record in this case, the Court cannot say that this sentence was cruel, unusual or excessive punishment. The cause is therefore affirmed. (Emphasis supplied). (354 So.2d at 266).
Our holding in Lee v. State, supra, announces a sounder rule; therefore, we overrule that portion of McAdory v. State, supra, dealing with the sentence of the defendant. We affirm defendant's conviction but remand for sentencing for a definite term reasonably expected to be less than life.
Upon remand, the trial court will make a record of and consider all relevant facts necessary to fix a sentence for a definite term reasonably expected to be less than life. The court should consider the age and life expectancy of the defendant and any other pertinent facts which would aid in fixing a proper sentence.
Since we have reversed our holding in McAdory with reference to the sentence, the court in that case should entertain a motion for a proper sentence filed either by the defendant or by the court on its own motion.
We have considered the other assignments of error and find no merit in them.
AFFIRMED IN PART (CONVICTION), REVERSED IN PART (SENTENCE) AND REMANDED FOR PROPER SENTENCE.
All Justices concur.
NOTES
[1] Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.