BRIDGES, C.J.,
for the Court:
¶ 1. This case involves an appeal from a Washington County Circuit Court order denying post-conviction relief to Robert L. Davis. In his motion for post-conviction relief, Davis attacked his 1972 conviction and life imprisonment sentence for the crime of forcible rape, arguing that the judge was without authority to sentence him to life imprisonment absent a recommendation by a jury. The trial judge denied Davis’s motion finding Bullock v. Harpole, 233 Miss. 486, 102 So.2d 687 (1958), to be the controlling case law. On appeal, Davis challenges the denial of his motion. We affirm. Like the appellant in Bullock, Davis was indicted and entered a plea of guilty under Miss.Code § 2358 (1942), which provided that a person convicted of the crime of rape, as defined in the statute, shall suffer death, unless the jury shall fix the punishment at imprisonment in the penitentiary for life, as it may do in case of murder. Upon acceptance of Davis’s guilty plea, the trial judge sentenced Davis to life imprisonment, which was the milder sentence of only two possible penalties (death or life imprisonment) for the crime of rape under the law as it existed at the time Davis was convicted. There was no provision in § 2358 for a sentence of a term of years upon conviction of rape.
¶ 2. The Mississippi Supreme Court recently stated with approval the holding in Bullock that § 2358 does not expressly require a jury be empaneled on a plea of guilty for the purpose of fixing the punishment at life imprisonment:
In Bullock v. Harpole [233 Miss. 486, 102 So.2d 687 (1958) ] this Court addressed the entry of a guilty plea on the crime of rape. The defendant argued on appeal that the statute required sentencing by a jury; and thus, that the imposition of sentence by the trial judge upon entry of his guilty plea was invalid. This Court rejected that argument, and in the process stated:
A jury in this case could have fixed no lighter punishment than that which the court imposed. The appellant could have gained nothing by having the court go through the formality of *300 empaneling a jury for the purpose of obtaining the jury’s approval of the sentence of life imprisonment, and no prejudice resulted from the failure of the trial judge to empanel a jury to fix the punishment.
Pham v. State, 716 So.2d 1100, 1103-04 (Miss.1998) (citing Bullock, 233 Miss. at 494, 102 So.2d at 690).
¶ 3. Davis’s conviction and sentencing occurred in 1972. Thus, the provisions of Miss.Code Ann. § 99-19-33 (Rev.1994)[1] do not apply, and the circuit court was without power to alter or amend the judgment and sentence handed down in 1972. Lampley v. State, 308 So.2d 87, 89 (Miss.1975) (holding that defendant was not entitled to be resentenced under amended penalty statute where the defendant’s conviction had become final before the effective date of the amended statute).
¶ 4. We, therefore, affirm the circuit court’s denial of Davis’s motion for post-conviction relief.
¶ 5. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO WASHINGTON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ„ CONCUR.

. Section 99-19-33 provides:
If any statute shall provide a punishment of the same character, but of milder type, for an offense which was a crime under pre-existing law, then such milder punishment may be imposed by the court but no conviction, otherwise valid, shall be set aside and new trial granted merely because of an error of the court in fixing punishment. Such error shall only entitle the party injured to vacate or reverse the judgment as to the punishment, and the legal punishment shall then be imposed by another sentence based on the original conviction or plea of guilty.