# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 1999-CP-01376-COA

JIMMY L. JONES                                                                    APPELLANT

v.

STATE OF MISSISSIPPI                                                               APPELLEE

DATE OF TRIAL COURT JUDGMENT:   07/21/1999
TRIAL JUDGE:   HON. W. SWAN YERGER
COURT FROM WHICH APPEALED:   HINDS COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:   PRO SE
ATTORNEY FOR APPELLEE:   OFFICE OF THE ATTORNEY GENERAL
BY: SCOTT STUART
DISTRICT ATTORNEY:   EDWARD J. PETERS
NATURE OF THE CASE:   CIVIL - POST CONVICTION RELIEF
TRIAL COURT DISPOSITION:   DENIAL OF POST-CONVICTION RELIEF
DISPOSITION:   AFFIRMED - 02/05/2002
MOTION FOR REHEARING FILED:   2/25/2002; denied 4/23/2002
CERTIORARI FILED:
MANDATE ISSUED:   5/14/2002

BEFORE KING, P.J., IRVING, AND BRANTLEY, JJ.

KING, P.J., FOR THE COURT:

¶1. Jimmy L. Jones has appealed from an order denying post-conviction relief entered in the Circuit Court of the First Judicial District of Hinds County, Mississippi. Jones pled guilty to four charges of forcible rape in 1971. Jones was sentenced to four life sentences. On appeal, Jones raises the following issues:

**I. Whether he was denied his constitutional rights and denied due process in sentencing.**

**II. Whether he is time barred and procedurally barred where his constitutional rights are involved.**

**III. Whether he was denied a complete hearing on his guilty plea by the trial judge.**

**IV. Whether the trial court erred in sentencing Jones to life imprisonment without a jury's recommendation.**

**V. Whether he was denied his civil rights as a black man.**

## FACTS

¶2. In his brief, Jones stated that he was arrested for receiving stolen property and entered guilty pleas to four charges of rape in 1971. Jones claimed that he was threatened and physically beaten for four months. He stated that he entered the guilty pleas to save his life. Jones also claimed that he has no recollection of having a complete guilty plea hearing before a judge.

¶3. In January 1986, Jones filed a motion for post-conviction relief. This motion stated that Jones discovered that his life sentences for the rape charges were excessive and in violation of the rape statute. In February 1986, that motion was denied.

¶4. On April 30, 1999, Jones filed a motion for post-conviction relief. By order dated July 21, 1999, the trial court dismissed the motion. The order stated that the court had previously decided all matters presented by the petition and that the previous rulings were considered res judicata and dismissed the petition without prejudice.

¶5. On March 21, 2000, the Mississippi Supreme Court entered an order remanding Jones' motion to the Hinds County Circuit Court and ordered that his motion be filed as a notice of appeal to be deemed filed on August 20, 1999.

**ISSUES AND ANALYSIS**

**I.**

**Whether Jones was denied his constitutional rights and denied due process in sentencing.**

**II.**

**Whether Jones is time barred and procedurally barred where his constitutional rights are involved.**

**III.**

**Whether Jones was denied a complete hearing on his guilty plea by the trial judge.**

**IV.**

**Whether the trial court erred in sentencing Jones to life imprisonment without a jury's recommendation.**

**V.**

**Whether Jones was denied his civil rights as a black man.**

¶6. "When reviewing a lower court's decision to deny a petition for post-conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." *Pace v. State*, 770 So. 2d 1052 (¶4) (Miss. Ct. App. 2000).

¶7. Jones pled guilty in 1971, prior to the enactment of Mississippi Code Annotated Section 99-39-5(2) (Rev. 2000) on April 17, 1984. The act created a three-year time period, beginning April 17, 1984, within

which relief must be sought for convictions prior to its enactment. *Odom v. State*, 483 So. 2d 343, 344 (Miss. 1986). The evidence shows that Jones filed a petition in January 1986. Therefore, Jones did file a petition within the statutory time period. However, Jones' petition for post-conviction relief was denied. After reviewing the record, the trial judge determined that an evidentiary hearing was not required and the motion should be dismissed.

¶8. The Post-Conviction Relief Act, Mississippi Code Annotated Section 99-39-5(2) (Rev. 2000), requires that requests for post-conviction relief be filed within three years after entry of judgment of conviction. The exceptions to this three year limitation are: (1) cases in which the prisoner can show that there has been an intervening decision of the Mississippi or United States Supreme Court which would adversely affect the outcome of his conviction, (2) cases in which he has new evidence, not discoverable at trial, that would have caused a different result in conviction or sentence, or (3) cases in which the prisoner claims his sentence has expired or his probation, parole or conditional release has unlawfully been revoked. Miss. Code Ann. §99-39-5(2) (Rev. 2000).

¶9. In April 1999, Jones filed another petition which contends that he falls within one of the exceptions to the three-year time period. He argues that based on *Luckett v. State,* 582 So. 2d 428, 430 (Miss. 1991), he should be excepted from the three-year limitation since he is claiming that a denial of due process in sentencing occurred and this error affected his fundamental constitutional rights. Jones claims that he should not have received life sentences which were not given by a jury. Jones relies on *Lee v. State*, 322 So. 2d 751, 753 (Miss. 1975), which states that in cases where the jury does not fix the penalty at life imprisonment, the judge must sentence the defendant to a definite term reasonably expected to be less than life. The amended statute allows the court to fix the penalty of imprisonment in the state penitentiary for any term as within its discretion, where a jury has not recommended sentencing.

¶10. At the time Jones pled guilty, the forcible rape statute in 1971, Section 2358 Mississippi Code of 1942, as amended, read in part, as follows:

> Every person who shall be convicted of rape, either by carnally and unlawfully knowing a female child under the age of twelve years, or by forcibly ravishing any female of the age of twelve years and upward, or who shall have been convicted of having carnal knowledge of any female above the age of twelve years without her consent, by administering to her any substance or liquid which shall produce such stupor or such imbecility of mind or weakness of body as to prevent effectual resistance, shall suffer death, unless the jury shall fix the imprisonment in the penitentiary for life, as it may do in case of murder.

This is the applicable statute which should have been followed at that time. However, Jones contends that based on *Luckett*, he should not have been sentenced to life imprisonment unless the jury fixed the penalty at life imprisonment. Luckett challenged his 1980 convictions based on Mississippi Code Annotated Section 97-3-65 (Supp. 1980), which was not in effect when Jones was sentenced in 1971. Pursuant to Mississippi Code Annotated Section 99-19-1 (Rev. 2000):

> No statutory change of any law affecting a crime or its punishment or the collection of a penalty shall affect or defeat the prosecution of any crime committed prior to its enactment, or the collection of any penalty, whether such prosecution be instituted before or after such enactment; and all laws defining a crime or prescribing its punishment, or for the imposition of penalties, shall be continued in operation for the purpose of providing punishment for crimes committed under them, and for collection of such

penalties, notwithstanding amendatory or repealing statutes, unless otherwise specially provided in such statutes.

Therefore, Jones' contention that the trial judge had no authority to impose such a sentence absent the recommendation of a jury is incorrect. *Bullock v. Harpole*, 233 Miss. 486, 494, 102 So. 2d 687, 690 (1958).

¶11. The evidence in the record shows that Jones' claims were denied as res judicata pursuant to Mississippi Code Annotated Section 99-39-27(9) (Supp. 1990) which states:

(9) The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter. Excepted from this prohibition is an application filed pursuant to Section 99-19-57(2), Mississippi Code of 1972, raising the issue of the convict's supervening insanity prior to the execution of a sentence of death. A dismissal or denial of an application relating to insanity under Section 99-19-57(2), Mississippi Code of 1972, shall be res judicata on the issue and shall likewise bar any second or successive applications on the issue. Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise exempted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.

¶12. Having determined that Jones' petition is time barred and procedurally barred, the issues presented will not be addressed. The action of the trial court in denying his motion for post-conviction relief is affirmed.

¶13. **THE JUDGMENT OF THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY DISMISSING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.**

**McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.**