GRIFFIS, J.,
Concurring in Part and Dissenting in Part:
¶ 44. I would affirm on all issues. Therefore, I respectfully dissent from the *747 majority’s decision to reverse and remand for resentencing. I concur on. all other issues.
¶ 45. The majority’s decision to reverse and remand for resentencing relies on the rule of Stetuart v. State, 372 So.2d 257, 259 (Miss.1979) that was quoted by this Court in Handford v. State, 736 So.2d 1069, 1071(¶ 8)(Miss.Ct.App.1999). More recently, in Hogan v. State, 832 So.2d 1246, 1247 (¶¶ 5-6)(Miss.Ct.App.2002), this Court held:
Under both convictions, Hogan was sentenced to thirty years to run consecutively. She argues that when the sentences are combined it equals sixty years, which exceeded her life expectancy of thirty years at the time of her sentencing. In her argument, Hogan relies on several cases where the Mississippi Supreme Court overturned sentences for armed robb'ery that exceeded the defendants’ life expectancy. See Kennedy v. State, 626 So.2d 103, 105 (Miss.1993); Stewart v. State, 372 So.2d 257, 259 (Miss.1979). However, this reliance is misplaced. Both Kennedy and Stewart dealt with convictions and sentences for armed robbery. Id. The provision prohibiting a sentence beyond the defendant’s life expectancy applies only to single sentences for armed robbery. Wash v. State, 807 So.2d 452, 458(¶20) (Miss.Ct.App.2001). There is not a similar provision for the sale of cocaine.
Even if there was a relevant provision which prohibited a sentence beyond a defendant’s life expectancy, that is not the case here. Hogan argues that the two sentences combined exceed her life expectancy. The Mississippi Supreme Court has held that the “total of the sentences may exceed the actuarial life expectancy of the defendant.” Id. at 457(¶ 16), citing Erwin v. State, 557 So.2d 799, 803 (Miss.1990). Therefore, this issue is without merit.
(Emphasis added.)
¶ 46. The trial judge entered a sentence that was within his discretion. It is clear from the record that Mr. Cannon had a lengthy history with law enforcement and our state’s criminal justice system. Therefore, I would affirm this case on all issues. Accordingly, I respectfully dissent from the majority’s decision to reverse and remand in part for resentencing. I concur on all other issues.
BRIDGES AND LEE, P.JJ., AND BARNES, J., JOIN THIS SEPARATE OPINION.