LEE, C.J.,
dissenting:
¶ 18. With respect to the majority, I find that Hampton’s sentence is illegal, as it exceeds a term reasonably expected to be less than life. Thus, I would vacate *1044 Hampton’s sentence and remand the matter to the trial court for resentencing.
¶ 19. In Hampton’s case, the jury did not sentence him to life, leaving the decision to the trial court, which sentenced him to twenty years. Hampton, who was sixty-three at the time of trial, argues that his sentence of twenty years is unlawful because it is tantamount to a life sentence.
¶ 20. Hampton’s counsel informed the trial court of its responsibility to calculate a sentence reasonably less than life; however, he failed to object to the sentence once it was rendered and did not raise this specific objection in his motion for a new trial. Since Hampton failed to make an objection at trial, he must rely on plain error to overcome the procedural bar on appeal. Foster v. State, 639 So.2d 1263, 1288-89 (Miss.1994). The plain-error doctrine is only applied when there has been an error that “resulted in a manifest miscarriage of justice” and when an error “affects a defendant’s substantive/fundamental rights.” Williams v. State, 794 So.2d 181, 187 (¶ 23) 955 So.2d 698(Miss.2001), overruled on other grounds by Brown v. State, 995 So.2d 698, 703 (¶ 20) (Miss.2008). The Mississippi Supreme Court has found “the right to be free from an illegal sentence ... to be fundamental.” Kennedy v. State, 732 So.2d 184, 186 (¶8) (Miss.1999) (citing Sneed v. State, 722 So.2d 1255, 1257 (¶ 11) (Miss.1998)). Thus, Hampton is entitled to have his claim considered on the merits.
¶ 21. Hampton argues that the trial court should have consulted actuarial tables to determine his life expectancy before sentencing him, and the failure to do so resulted in essentially a life sentence. Hampton states that the average life expectancy for a sixty-three-year-old African American male is 16.4 years, but he notes that the number should be reduced to account for the fact that Mississippians have the lowest life expectancy in the nation.
¶ 22. In several cases where the court has looked to life expectancy, the sentences were not reduced. In Henderson v. State, 402 So.2d 325, 329 (Miss.1981), the supreme court upheld a sentence of 41 years where the defendant’s life expectancy was 41.6 years. In Ware v. State, 410 So.2d 1330, 1332 (Miss.1982), a 40-year sentence was upheld where the defendant’s life expectancy was 40.51 years. And in Wilson v. State, 390 So.2d 575, 580 (Miss.1980), the defendant’s life expectancy was 22 years, and the court upheld a 20-year sentence. The distinguishing factor in those cases is the sentence was shorter, albeit fractionally, than the defendant’s life expectancy. Here, Hampton’s sentence exceeds his life expectancy by more than three years.
¶ 23. The majority speaks about on of the codefendants, Shorty, in Cox v. State, 793 So.2d 591 (Miss.2001). In its analysis of that case, the majority notes Shorty’s failure to provide evidence that his sentence was equivalent to life. The majority fails to address the fact that at the time of sentencing, Shorty was thirty-eight years old. His thirty-year sentence would have ended when he was sixty-eight years old, which is clearly reasonably less than his life expectancy.
¶ 24. When sentencing, a trial court must “make a record of and consider all relevant facts necessary to fix a sentence for a definite term reasonably expected to be less than life. The court should consider the age and life expectancy of the defendant and any other pertinent facts which would aid in fixing a proper sentence.” Stewart v. State, 372 So.2d 257, 259 (Miss.1979). A court may take judicial notice of actuarial tables. Henderson, 402 So.2d at 328.
*1045 ¶ 25. Hampton’s counsel advised the trial court of its “responsibility to determine what is reasonably calculated or calculate something to be reasonably less than life.” Hampton’s counsel informed the court that Hampton was sixty-three years old and had been an alcoholic “all his life.” Although no actuarial tables were submitted to the court, nothing in the record shows that the trial court took Hampton’s age into consideration. Under Stewart, the trial court must make a record of and consider all relevant facts necessary.
¶ 26. The jury failed to sentence Hampton to life; therefore, under Mississippi Code Annotated section 97-S-79 (Rev. 2006), the trial court was required to sentence him to a term less than life. The trial court sentenced Hampton to a term greater than his life expectancy, which exceeds the maximum term allowed by section 97-3-79. Therefore, I would vacate the sentence and remand this issue to the trial court for resentencing.
IRVING, P.J., BARNES AND ISHEE, JJ., JOIN THIS OPINION.