KING, P.J.,
for the Court:
¶ 1. Jamie Hall (Hall) was convicted of auto burglary by the Circuit Court of Lamar County and sentenced to serve seven years in the custody of the Mississippi Department of Corrections with five years to serve and two years of post release supervision. Aggrieved by his conviction, Hall appealed to this Court and raised the *818 following issues, which are taken verbatim from his brief: 1.) the lower court erred in overruling a motion for directed verdict following the close of the State’s case; 2.) the verdict was contrary to the overwhelming weight of evidence; 3.) the State failed to prove all essential elements of the crime; 4.) the lower court erred in allowing evidence of other offenses for which the Defendant was not charged in violation of Rule 404(b) of the Rules of Evidence; and 5.) the lower court erred in denying proposed defense jury instruction for the lesser charge of trespass and lesser charge of attempted grand larceny.
FACTS
¶ 2. On May 28, 1998, Hall and Gregory Green (Green) drove from Prentiss, Mississippi to the Plantation Place Apartments in Hattiesburg, Mississippi. On the same evening, Officer Hardy Sims (Sims) of the Hattiesburg Police Department was on stakeout and surveillance duty at the Plantation Place Apartments. During the early morning hours of May 29, 1998, Sims noticed two African-American males walking around in the parking lot. One was dressed in dark clothing; the other wore a white t-shirt. Sims followed but lost sight of them after they walked between the apartment buildings. Sims checked the cars in the front parking lot. Finding no damage, Sims returned to his unmarked police car and drove through the parking area in an attempt to locate the two individuals. Sims next observed the same two individuals standing beside a white Honda. Sims shined his car lights on them. He parked his car and walked toward them. Again both individuals left and walked between the apartment buildings. Sims approached the Honda and noticed the door was partially open.
¶ 3. Sims scanned the parking lot but did not see the individuals. He hid behind some shrubbery, continued his surveillance, and called for assistance. Three uniformed police officers responded. While briefing the officers, Sims again noticed the same two individuals. This time they were standing behind a black GMC Jimmy. The officers remained hidden, but dispersed and watched. Hall and Green attempted to open the back door of the truck. Unable to do so, they then moved tp the driver’s side door. Green opened the door and entered the truck. A few minutes later Green exited the truck and Hall entered. A few minutes after entering the truck, Hall exited it. A car entered the parking lot and Hall and Green left. The officers stopped and arrested Green. Hall ran but was stopped and also arrested. The officers searched Hall and found a pair of wire cutters in his pocket. A search of the truck revealed neither damage nor missing items. The police officers determined that the truck’s registered owner was Mingo Thames; however, Mingo Thames II had actual possession of the vehicle. Both Hall and Green were taken to the Hattiesburg Police Department.
¶ 4. At trial, Hall did not testify. Green testified for the prosecution. Green stated that both he and Hall entered the truck with the intent to steal a car stereo system. He stated they were scared off by the approaching car lights, and therefore failed to steal one.
ANALYSIS AND DISCUSSION OF THE LAW
¶ 5. The Court deems it appropriate to address issues I, II and III collectively.
L.
The lower court erred in overruling a motion for directed verdict following the close of the State’s case.
II.
The verdict was contrary to the overwhelming weight of evidence.
III.
The State failed to prove all essential elements of the crime.
¶ 6. Hall contends the court erred in denying his motion for a directed verdict because the verdict was contrary to the overwhelming weight of the evidence and because the State failed to prove all essen *819 tial elements of auto burglary. Hall further contends that the State failed to prove ownership of the vehicle and intent to steal.
¶ 7. The Court is “authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that a reasonable and fair minded juror could only find the accused not guilty.” McClain v. State, 625 So.2d 774, 778 (Miss.1993). In the case sub judice, there clearly existed in the record substantial facts from which the jury could, and did, conclude that Hall was guilty of auto burglary.
¶ 8. Auto burglary is defined as an unlawful breaking and entering with the intent to steal or commit a felony. Miss. Code Ann. § 97-17-33 (Supp.1999). The State presented evidence which indicated that Hall and Green did unlawfully break into a GMC Jimmy with the intent to steal the stereo system located inside. Officer Sims testified that he saw Hall enter a truck in the early morning hours of May 29, 1998. Green testified that both he and Hall entered the truck with the intent to steal a stereo system. Mingo Thames, II testified that he was the owner of the truck. He did not know Hall, nor had he given Hall permission to enter his truck. The jury, after considering the evidence before it, convicted Hall of auto burglary. “Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal.” White v. State, 732 So.2d 961(¶20) (Miss.1999).
¶ 9. We cannot say the jury’s verdict was contrary to the overwhelming weight of the evidence or that the State failed to meet its burden.
IV.
The lower court erred in allowing evidence of other offenses for which the defendant was not charged in violation of Rule 404(b) of the Rules of Evidence.
¶ 10. Hall argues that the court erred by allowing testimony concerning the white Honda. He argues that it was a separate offense and should be excluded under the prior bad acts exception,
¶ 11. “Where another crime or act is so interrelated as to constitute a single transaction or occurrence or a closely related series of transactions or occurrences proof of the other crime or act is admissible.” Ballenger v. State, 667 So.2d 1242, 1256-57 (Miss.1995). In order to tell the complete story so as not to confuse the jury, evidence of other crimes or bad acts is admissible. Id. In the case at hand, Officer Sims’s observation of Hall at the white Honda and his subsequent arrest occurred within a very short time period. Introduction of the evidence relating to the white Honda explained Officer Sims’s reasons for observation of Green and Hall and his request for additional police assistance. The State has “a legitimate interest in telling a rational and coherent story of what happened.” Mackbee v. State, 575 So.2d 16, 28 (Miss.1990). The evidence was properly admitted.
V.
The lower court erred in denying proposed defense jury instruction for the lesser charge of trespass and lesser charge of attempted grand larceny.
¶ 12. Finally, Hall argues that the court erred by denying a jury instruction for trespass and attempted grand larceny since nothing was taken. Trespass is a lesser-included-offense of burglary. Gillum v. State, 468 So.2d 856, 861 (Miss.1985). However, in Alford v. State, 656 So.2d 1186, 1191 (Miss.1995), if intent to burglarize is present, then the act is not a trespass. If there is intent, then it is burglary. Green testified that the purpose in being at the apartment complex was to steal a stereo system from a vehicle. Thames testified that his vehicle contained a stereo system and described that system *820 in detail. Green’s testimony established the intent to steal a car stereo system. This intent to steal was formed prior to entering the vehicle which contained the car stereo system which was the object of Hall and Green’s intent.
¶ 13. The Court properly denied the instruction for attempted grand larceny. Hall completed the required elements of burglary which are unlawful breaking and entering with the intent to commit a crime. Mississippi Code Annotated § 97-17-33 (1972); Harrison v. State, 722 So.2d 681 (¶ 11) (Miss.1998).
¶ 14. The court properly denied the instructions to the jury.
¶ 16. THE JUDGMENT CIRCUIT COURT OF CONVICTION OF AUTO BURGLARY AND SENTENCE TO SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIVE YEARS TO SERVE AND TWO YEARS POST-RELEASE SUPERVISION TO RUN CONSECUTIVELY TO ANY PREVIOUS SENTENCES IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAMAR COUNTY.
SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ„ CONCUR. McMILLIN, C.J., CONCURS IN RESULT ONLY.