# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CT-00406-SCT

*WILLIAM ERIN CANNON a/k/a BILL*

*v.*

*STATE OF MISSISSIPPI*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 01/09/2002 |
| TRIAL JUDGE: | HON. MIKE SMITH |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT JULIE |
| ATTORNEYS FOR APPELLANT: | ANN EPPS |
| | SAMUEL H. WILKINS |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: |
| | SCOTT STUART |
| | MARY JO WOODS |
| DISTRICT ATTORNEY: | J. DANIEL (DANNY) SMITH |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 11/17/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2002-CT-00408-SCT

*WILLIAM ERIN CANNON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/22/2001 |
| TRIAL JUDGE: | HON. MIKE SMITH |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT JULIE |
| ATTORNEYS FOR APPELLANT: | ANN EPPS |

|                          |                                           |
|--------------------------|-------------------------------------------|
|                          | SAMUEL H. WILKINS                          |
| ATTORNEYS FOR APPELLEE:   | OFFICE OF THE ATTORNEY GENERAL BY:         |
|                          | SCOTT STUART                               |
|                          | MARY JO WOODS                              |
| DISTRICT ATTORNEY:        | J. DANIEL (DANNY) SMITH                    |
| NATURE OF THE CASE:       | CRIMINAL - FELONY                          |
| DISPOSITION:              | AFFIRMED - 11/17/2005                      |
| MOTION FOR REHEARING FILED: |                                         |
| MANDATE ISSUED:           |                                           |

**CONSOLIDATED WITH**

**NO. 2002-CT-01983-SCT**

*STATE OF MISSISSIPPI, EX REL. LINCOLN*
*COUNTY SHERIFF'S DEPARTMENT: THAT*
*PARCEL OF LAND, ET SEQ, 1997 HONDA*
*SHADOW MOTORCYCLE*
*VIN#1HFSC1801VA100142 AND $2000 IN UNITED*
*STATES CURRENCY*

*v.*

*STATE OF MISSISSIPPI*

|                          |                                           |
|--------------------------|-------------------------------------------|
| DATE OF JUDGMENT:         | 11/15/2002                                |
| TRIAL JUDGE:              | HON. MIKE SMITH                           |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CIRCUIT COURT JULIE       |
| ATTORNEYS FOR APPELLANT:  | ANN EPPS                                   |
|                          | SAMUEL H. WILKINS                          |
| ATTORNEYS FOR APPELLEE:   | OFFICE OF THE ATTORNEY GENERAL BY:         |
|                          | SCOTT STUART                               |
|                          | MARY JO WOODS                              |
| DISTRICT ATTORNEY:        | J. DANIEL (DANNY) SMITH                    |
| NATURE OF THE CASE:       | CIVIL - OTHER                             |
| DISPOSITION:              | AFFIRMED - 11/17/2005                      |
| MOTION FOR REHEARING FILED: |                                         |
| MANDATE ISSUED:           |                                           |

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1.     This case concerns proper sentencing for a methamphetamine drug conviction. William Erin Cannon had three cases before the Circuit Court of Lincoln County. Two of the cases were criminal and resulted in convictions. The third case concerned forfeiture of certain property. Cannon appealed these three cases which were consolidated and assigned to the Court of Appeals. The Court of Appeals' opinion, which was appealed by a petition for writ of certiorari to this Court, identified and described the three consolidated cases by their trial court case numbers as Cause Nos. 01-149; 01-150; and 01-272, respectively.

¶2.     While the Court of Appeals' opinion addressed issues from each of these three cases, the subject of the petition for writ of certiorari at issue before this Court concerns Cause No. 01-150 only. In Cause No. 01-150 Cannon was convicted by a jury in the Circuit Court of Lincoln County of the unlawful delivery of methamphetamine (Count 1) and the unlawful possession of more than 30 grams with intent to distribute (Count 2) pursuant to Miss. Code Ann. § 41-29-139.[1] The indictment was later amended to charge Cannon as a habitual offender. The trial court sentenced Cannon to 30 years' imprisonment on each count and imposed a $2 million fine ($1 million per count). The trial court then doubled each sentence to sixty years' imprisonment in the custody of the Mississippi Department of Corrections pursuant to Miss. Code Ann. § 41-29-147 (Rev. 2005).[2]

---

[1] This statute does not have same penalty as the armed robbery statute, Miss. Code Ann. § 97-3-79.

[2]
> Except as otherwise provided in Section 41-29-142, any person convicted of a second or subsequent offense under this article

3

¶3.     The Court of Appeals affirmed the conviction of the two counts of delivery and possession of methamphetamine with intent to distribute and the fine of $1,000,000 per count. However, the Court of Appeals reversed and remanded for resentencing in accordance with its opinion in a 5-4 decision. The Court of Appeals affirmed the other two trial court judgments. *See Cannon v. State,* 2005 WL 528418 (Miss. Ct. App. 2005). The State of Mississippi filed a motion for rehearing which the Court of Appeals denied. The State then filed a petition for writ of certiorari which this Court granted.

**FACTS**

¶4.     The following facts from the Court of Appeals' decision for Cause No 01-150 (our No. 2002-CT-00406-SCT) are relevant here:

> The second case, labeled as Cause No. 01-150, involves a controlled methamphetamine buy at Bill Cannon's residence. On May 25, 2001, Joseph "Jody" Burns cooperated with four agents of the Mississippi Bureau of Narcotics to buy methamphetamine from Cannon at his residence at 434 Greenwood Lane in Brookhaven, Mississippi. Burns was given $500 to buy the substance and was wired so that the agents, who were positioned several hundred yards away, could hear the transaction. Upon completion of the transaction, the agents converged upon Cannon, who attempted to flee from his residence. The agents detained Burns, Cannon, and a third individual on the

---

> may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
>
> For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs.

Miss. Code Ann. § 41-29-147 (Rev. 2005).

property named Becky Butler while securing a search warrant. Upon searching the residence, agents found a small amount of methamphetamine in the shop area, which constituted much of the bottom floor of Cannon's residence. Upon searching the area around his residence, agents found a camouflaged container that included baggies containing approximately 119 grams of methamphetamine. In the ensuing trial, Cannon was found guilty of unlawful delivery of methamphetamine and unlawful possession of more than thirty grams of methamphetamine with intent to distribute. The court allowed the amendment of the original indictment under UCCCR Rule 7.09 to charge Cannon as an habitual offender under Mississippi Code Annotated § 99-19-81 (Rev. 2000). The trial court, under Mississippi Code Annotated § 41-29-139(B)(1), also doubled the sentence due to multiple previous offenses and thus sentenced Cannon to thirty years on each count, doubled to sixty years, for a total of one hundred and twenty years of confinement without the possibility of parole and an additional fine of $2,000,000, the maximum under the statute.

*Cannon,* 2005 WL 528418, at *2 (¶ 4).

## DISCUSSION

¶5. The issue before this Court is whether Cannon was incorrectly sentenced by the trial court to two sixty-year terms to run consecutively without an on-the-record finding and consideration of his age, health, or life expectancy.

¶6. The Court of Appeals held that the trial court erred by not considering Cannon's life expectancy for his convictions and reversed and remanded for resentencing. The Court of Appeals relied upon *Handford v. State*, 736 So.2d 1069 (Miss. Ct. App. 1999), to reach its ruling. *Handford* in turn cited to *Stewart v. State*, 372 So.2d 257 (Miss. 1979), an armed robbery case. The Court of Appeals held:

Our Court has addressed the trial court's need to examine life expectancy during sentencing. In *Handford v. State*, 736 So.2d 1069, 1071(¶ 8) (Miss. Ct. App. 1999), this Court stated that '**the trial court will make a record of and consider all relevant facts necessary to fix a sentence for a definite term [of years] reasonably expected to be less than life. The court should consider the age and life expectancy of the defendant and any other pertinent facts which would aid in fixing a proper sentence.''** (quoting

5

***Stewart v. State*, 372 So.2d 257, 259 (Miss. 1979)).** However, in cases where the defendant has been convicted of multiple offenses, the requirement for a consideration of life expectancy "should not be taken to suggest that (1) he may not be subjected to full and appropriate punishment or (2) that his sentences may not be run consecutively." ***Mooneyham v. State***, 842 So.2d 579, 589(¶ 34) (Miss. Ct. App. 2002) (citing ***Robert v. State***, 756 So.2d 806(¶ 14) (Miss. Ct. App. 1999)).

***Cannon,*** 2005 WL 528418, at *6 (¶ 23).

¶7.     The Court of Appeals determined that the trial court erred by not considering Cannon's age at sentencing, nor his life expectancy when the sentence was doubled per Miss. Code Ann. § 41-29-147. ***Cannon***, 2005 WL 528418, at * 7 (¶ 26).  The Court of Appeals held that "the discretionary imposition of consecutive terms of sixty years for the two counts of [Cause No.] 01-150, without appropriate on the record findings, is excessive." ***Id.***   The Court of Appeals reversed and remanded on this issue for resentencing to take into account Cannon's life expectancy and to place on the record any specific findings which would serve as the basis for the sentence.

¶8.     We find that the inherent problem with reliance upon ***Handford*** is that its holding is based upon ***Stewart***, an armed robbery case.   The crime of armed robbery has specific sentencing requirements separate and distinct from drug cases.   The armed robbery statute, Miss. Code Ann. § 97-3-79 (Rev. 2000), provides:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, **shall be imprisoned for life in the state penitentiary if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for any term not less than three (3) years.**

(emphasis added). Therefore, a jury may impose a penalty of life imprisonment for the crime of armed robbery pursuant to the statute. If a jury does not fix a sentence of life imprisonment, then a trial judge may determine a sentence within certain limits. This Court has held that a trial judge's sentencing in armed robbery cases is limited to a definite term reasonably expected to be less than life. *Stewart v. State*, 372 So.2d 257, 259 (Miss. 1979); *see also Lindsay v. State*, 720 So.2d 182, 185 (Miss. 1998). However, this rule does not apply in a drug case such as the one before the Court today.

¶9.     Cannon was convicted pursuant to Miss. Code Ann. § 41-29-139. The penalty for this type of drug conviction is separate and distinct from the armed robbery statute. Miss. Code Ann. § 41-29-139(b)(1) provides:

> (b) Except as otherwise provided in subsections (f) and (g) of this section or in Section 41-29-142, any person who violates subsection (a) of this section shall be sentenced as follows:
>
> > (1) **In the case of controlled substances classified in Schedule I or II, as set out in Sections 41-29-113 and 41-29-115**, except thirty (30) grams or less of marihuana, and except a first offender as defined in Section 41-29-149(e) who violates subsection (a) of this section with respect to less than one (1) kilogram but more than thirty (30) grams of marihuana, **such person may, upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,000.00), or both**.

(emphasis added).

¶10.    This Court has held that the total of the sentences may exceed the actuarial life expectancy of the defendant. *Erwin v. State*, 557 So.2d 799, 803 (Miss. 1990). In the more

recent drug case of *Hogan v. State*, 832 So.2d 1246, 1247 (Miss. Ct. App. 2002), the Court

of Appeals held:

> Under both convictions, Hogan was sentenced to thirty years to run consecutively. She argues that when the sentences are combined it equals sixty years, which exceeded her life expectancy of thirty years at the time of her sentencing. In her argument, Hogan relies on several cases where the Mississippi Supreme Court overturned sentences for armed robbery that exceeded the defendants' life expectancy. *See Kennedy v. State*, 626 So.2d 103, 105 (Miss.1993); *Stewart v. State*, 372 So.2d 257, 259 (Miss.1979). However, this reliance is misplaced. Both *Kennedy* and *Stewart* dealt with convictions and sentences for armed robbery. *Id*. **The provision prohibiting a sentence beyond the defendant's life expectancy applies only to single sentences for armed robbery.** *Wash v. State*, 807 So.2d 452, 458(¶ 20) (Miss.Ct.App.2001). **There is not a similar provision for the sale of cocaine.** Even if there was a relevant provision which prohibited a sentence beyond a defendant's life expectancy, that is not the case here. Hogan argues that the two sentences combined exceed her life expectancy. The Mississippi Supreme Court has held that the "total of the sentences may exceed the actuarial life expectancy of the defendant." *Id*. at 457(¶ 16), citing *Erwin v. State*, 557 So.2d 799, 803 (Miss.1990). Therefore, this issue is without merit.

(emphasis added.)

¶11. We find that the penalties set forth in the armed robbery statute, Miss. Code Ann. § 97-3-79, and the controlled substances statute, Miss. Code Ann. § 41-29-139, are clearly distinguishable. The specific requirement that a trial court's sentence be limited to a definite term, reasonably expected to be less than life, is applicable to an armed robbery conviction but does not apply to all crimes. Likewise, a trial court has to consider a defendant's life expectancy when determining the length of a sentence in armed robbery convictions, not a drug case similar to the one before the Court today. Therefore, the trial court did not have to consider Cannon's life expectancy for the conviction of unlawful delivery of

methamphetamine and unlawful possession of more than thirty grams of methamphetamine with intent to distribute.

¶12. Accordingly, we find that the Court of Appeals erred by reversing the trial court's sentence and remanding for resentencing. In the drug case sub judice, the trial court does not have to take into account Cannon's life expectancy nor place any specific findings on the record which would serve as the basis for an imposed sentence. The drug crimes for which Cannon was charged and convicted contain no limiting sentencing language similar to the armed robbery statute.

**CONCLUSION**

¶13. We find that the Court of Appeals erred by reversing Cannon's sentence in Cause No. 01-150 (our No. 2002-CT-00406-SCT) and remanding for resentencing. Therefore, the judgment of the Court of Appeals is reversed in part to that extent, and the judgments of the Lincoln County Circuit Court are affirmed.

¶14. **NO. 2002-CT-00406-SCT: THE JUDGMENT OF THE COURT OF APPEALS IS REVERSED IN PART. COUNTS I AND II: CONVICTION OF POSSESSION OF METHAMPHETAMINE WITH INTENT TO DISTRIBUTE FOR EACH COUNT AND SENTENCE OF SIXTY (60) YEARS FOR EACH COUNT, AS A HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAYMENT OF A FINE OF $1,000,000 ON EACH COUNT, AFFIRMED.**

¶15. **NO. 2002-CT-00408-SCT: CONVICTION OF POSSESSION OF TWO GRAMS BUT LESS THAN TEN GRAMS OF METHAMPHETAMINE AND SENTENCE OF THIRTY (30) YEARS, AS A HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND PAYMENT OF A FINE OF $1,000,000, AFFIRMED.**

¶16. **NO. 2002-CT-01983-SCT: AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. GRAVES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**