832 So.2d 1246 (2002)
Christine HOGAN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2000-KA-01521-COA.
Court of Appeals of Mississippi.
December 17, 2002.
K. Elizabeth Davis, Greenwood, attorney for appellant.
Office of the Attorney General, by Scott Stuart, attorney for appellee.
Before KING, P.J., IRVING, and BRANTLEY, JJ.
BRANTLEY, J., for the court.
¶ 1. Christine Hogan was convicted for the sale and delivery of a controlled substance by a Leflore County Circuit Court. On appeal, she argues that the sentence imposed is tantamount to a life sentence and is thereby illegal. Finding no error, we affirm.

FACTS
¶ 2. On October 4, 1996, an undercover investigator with the Mississippi Bureau of Narcotics contacted Hogan about purchasing some cocaine pursuant to a previous conversation that had occurred. Hogan stated that she did not have any at that time but to come back later. When the investigator returned, Hogan sold him 0.7 grams of crack cocaine for $100.
¶ 3. Hogan was indicted by a grand jury for the sale and delivery of a controlled substance. She was tried and convicted. The court sentenced Hogan to a term of thirty years, with fifteen years suspended and to run consecutively to time being served in another cause. A motion for new trial was filed and denied. Aggrieved, Hogan appeals arguing that her combined *1247 sentence is illegal because it is tantamount to a life sentence.

ANALYSIS OF THE ISSUE PRESENTED

WHETHER THE TRIAL JUDGE ERRED IN DENYING HOGAN'S MOTION FOR A NEW TRIAL DUE TO THE SENTENCE BEING TANTAMOUNT TO A LIFE SENTENCE.
¶ 4. Hogan argues that the sentence is illegal because when the sentence in this cause is added to the sentence in the other cause, the total exceeds her life expectancy. Hogan was sentenced pursuant to Miss.Code Ann. § 41-29-139 (Rev.2001). By statute, Hogan can be sentenced for no more than thirty years upon conviction. Id. The State argues that each sentence is looked at separately and not in combination with another.
¶ 5. Under both convictions, Hogan was sentenced to thirty years to run consecutively. She argues that when the sentences are combined it equals sixty years, which exceeded her life expectancy of thirty years at the time of her sentencing. In her argument, Hogan relies on several cases where the Mississippi Supreme Court overturned sentences for armed robbery that exceeded the defendants' life expectancy. See Kennedy v. State, 626 So.2d 103, 105 (Miss.1993); Stewart v. State, 372 So.2d 257, 259 (Miss.1979). However, this reliance is misplaced. Both Kennedy and Stewart dealt with convictions and sentences for armed robbery. Id. The provision prohibiting a sentence beyond the defendant's life expectancy applies only to single sentences for armed robbery. Wash v. State, 807 So.2d 452, 458(¶ 20) (Miss.Ct.App.2001). There is not a similar provision for the sale of cocaine.
¶ 6. Even if there was a relevant provision which prohibited a sentence beyond a defendant's life expectancy, that is not the case here. Hogan argues that the two sentences combined exceed her life expectancy. The Mississippi Supreme Court has held that the "total of the sentences may exceed the actuarial life expectancy of the defendant." Id. at 457(¶ 16), citing Erwin v. State, 557 So.2d 799, 803 (Miss. 1990). Therefore, this issue is without merit.
¶ 7. THE JUDGMENT OF THE LEFLORE COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF A CONTROLLED SUBSTANCE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIFTEEN YEARS SUSPENDED TO RUN CONSECUTIVELY TO THE SENTENCE IMPOSED IN CAUSE NO. 23,258 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.