CARLTON, J., for the Court:
 

 ¶ 1. Following a jury trial in the Circuit Court of Coahoma County, Willie Joe Robinson was convicted of burglary of a building and sentenced as a habitual offender to seven years in the custody of the Mississippi Department of Corrections (MDOC). After the circuit court denied Robinson’s motion for a new trial or, in the alternative, a judgment notwithstanding the verdict, Robinson filed the present appeal. We find reversible error in the admission of Robinson’s prior 2001 conviction into evidence. We therefore reverse and remand this case for a new trial.
 

 FACTS
 

 ¶ 2. At approximately 12:00 a.m. on October 11, 2007, Corporal Joseph Wyatt, a narcotics investigator with the Clarksdale Police Department, patrolled a Clarksdale neighborhood with three other officers, who were all in the same truck. Corporal Wyatt observed a man, later determined to be Robinson, enter a first-floor window of a house on the corner of Seventh and Grant Streets. Corporal Wyatt, who was driving the truck, alerted his fellow officers. Sergeant Ricky Bridges jumped out of the truck and tried, unsuccessfully, to grab Robinson’s leg and prevent him from entering the building. The four officers then surrounded the house to prevent Robinson from exiting through another door or window, and the officers called for back-up officers.
 

 ¶ 3. When their back-up officers arrived, Corporal Wyatt, Sergeant Bridges, Corporal Vincent Ramirez, and Corporal Myette Dawson entered the house through the same window Robinson had entered in search of Robinson. The doors of the house were locked, forcing the officers to enter through the window. The officers found Robinson on the second floor of the house and arrested him.
 

 ¶4. Corporal Wyatt testified that the window of the house was broken, presumably to unlock it, and then raised. Corporal Wyatt testified that he had no way of
 
 *601
 
 determining when the window had been broken, or whether Robinson actually broke it. Corporal Wyatt testified that the officers found no burglar’s tools or anything that Robinson could have used to break the window. However, Corporal Wyatt testified that those items would not be necessary to break a window.
 

 ¶ 5. Olga Bridgeforth, who owned the house on Grant Street, testified that nobody lived in the house at the time of the burglary. At the time of the burglary, the house lacked utility services and had sat unoccupied for over one year. However, Bridgeforth testified that the house remained furnished, and she kept many valuable belongings in the house, including a stereo, television, china, furniture, and “invaluable” collectibles. Bridgeforth intended to reside in the house once she could have the services to the utilities restored.
 

 ¶ 6. Bridgeforth arrived at the house during Robinson’s arrest. She entered the house through the same window that Robinson and the police officers had used. Bridgeforth testified that her house was in shambles when she arrived, but she found nothing missing from the house.
 

 ¶ 7. The jury convicted Robinson of burglary, and the circuit judge sentenced him to seven years in the custody of the MDOC. Robinson was sentenced as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2007). Therefore, he is not eligible for parole or probation.
 

 ¶ 8. On appeal, Robinson raises the following issues for our review: (1) whether the circuit court erred in failing to sua sponte order a mistrial when the prosecutor made impermissible comments on Robinson’s exercise of his Fifth Amendment right not to testify and Robinson’s propensity to steal based on a prior conviction, and (2) whether the circuit court erred by admitting evidence of Robinson’s prior conviction.
 

 ¶ 9. Finding error, we reverse the judgment of the circuit court and remand this case for a new trial. We find the admission of ■ Robinson’s prior conviction into evidence constituted reversible error, because the State failed to provide any probative interconnecting evidence to support its admission for a proper purpose under Mississippi Rules of Evidence 404(b) and 609.
 

 DISCUSSION
 

 I. Whether the circuit court erred in failing to sua sponte order a mistrial where the prosecutor’s comments during closing argument were improper.
 

 ¶ 10. In his first assignment of error, Robinson urges this Court to reverse his conviction and sentence based on comments the prosecutor made during closing arguments which Robinson argues constituted a direct comment on his constitutional right not to testify. During closing arguments, the prosecutor summarized the evidence against Robinson, explaining to the jury that in his view, the evidence presented supported each element of the crime of burglary. When explaining the evidence to prove Robinson’s intent
 
 [1]
 
 to
 
 *602
 
 commit a crime once inside the house on Grant Street, the prosecutor made the following statement:
 

 Well, how do we prove intent? How do we do that? How do you prove what’s inside someone’s head? You know[,] if you don’t have a statement from them, you might say that’s difficult.
 

 ¶ 11. Robinson failed to object to the statements at trial, and he failed to request a mistrial based on the statement. Robinson nonetheless argues that in making the above statement to the jury, the prosecutor impermissibly commented on Robinson’s constitutional right not to testify at trial. Further, despite his failure to object, Robinson urges this Court to reverse his conviction because the prosecutor’s statements constitute plain error.
 
 [2]
 
 We recognize that the Fifth Amendment prohibits a prosecutor from commenting during closing argument regarding a defendant’s exercise of his constitutional right to remain silent or not to testify. However, Robinson failed to object to the offending remarks at the time the remarks were uttered, thereby depriving the circuit court of an opportunity to take corrective measures. We need not address whether these particular comments in this case constituted constitutionally offensive comments, or whether plain error existed despite a lack of objection since we reverse on other grounds. We find Robinson’s second assignment of error meritorious, and we reverse and remand on that basis.
 

 ¶ 12. Robinson’s second assignment of error similarly encompasses comments made by the prosecutor during closing arguments, where the prosecutor stated the following:
 

 Secondly, and this is evidence, it has to do with another instruction that the Judge gave you, this prior conviction for attempted grand larceny. We know he’s been convicted of stealing in the past. And the Judge gave you an instruction that this conviction, which was testified to by Ricky Bridges and which is admitted into evidence here, the State’s seal and everything, can be considered by you to show his intent, his mental state. That’s evidence.
 

 Now, that doesn’t mean that you can just look at that and say he’s guilty. That’s not what the State is saying. What I am telling you, ladies and gentlemen, is that the law allows you to consider that prior conviction. It allows you to come to a decision that, yeah, he broke in there with the intent to steal.
 
 He’s stolen before. He is, in fact, a thief.
 

 (Emphasis added).
 

 ¶ 13. The prosecutor impermissibly used Robinson’s prior conviction as evidence of Robinson’s predisposition to steal to prove the element of intent of the indicted offense. Using evidence for such a purpose runs afoul of the prohibition on the use of predisposition evidence found in Mississippi Rule of Evidence 404(a). We now turn to a full discussion of Robinson’s second assignment of error and issues inherently raised thereby.
 

 II. Whether the circuit court erred in admitting evidence of Robinson’s prior conviction for attempted grand larceny.
 

 ¶ 14. As previously stated, Robinson argues in his second assignment of error that
 
 *603
 
 the trial court erred in allowing the State to present to the jury evidence of his 2001 conviction for attempted grand larceny. We review matters relating to the admission or exclusion of evidence using the familiar abuse-of-discretion standard.
 
 Brown v. State,
 
 965 So.2d 1023, 1026 (¶ 10) (Miss.2007). In our review of this issue, we agree with Robinson that the admission of the prior conviction in this case constituted reversible error.
 

 ¶ 15. During the trial for the 2007 burglary of a building, the circuit judge allowed the State to introduce evidence of Robinson’s prior conviction for a 2001 attempted grand larceny under Mississippi Rule of Evidence 609. We note that Rule 609 allows the use of prior convictions for impeachment purposes if evidentiary requirements pertaining to impeachment, probative value, and prejudice are met. Interestingly, the State asserted purposes falling outside the impeachment purview of Rule 609, as they argued that Robinson’s prior conviction constituted evidence showing Robinson’s motive, plan, or scheme to steal in this case. Therefore, Mississippi Rule of Evidence 404(b),
 
 [3]
 
 not Rule 609, would have been the proper evidentiary rule to evaluate the admission of past crimes for probative value of intent, plan, or scheme. In reviewing whether the circuit judge abused his discretion in admitting evidence of the prior conviction, we pause to note that the record contains no facts or evidence showing any probative connection or factual relationship to the current 2007 burglary of a building crime charged, and the State presented no theory showing any connection between the 2001 conviction and the 2007 charged offense. The prosecutor’s link between the two crimes revealed itself during closing argument, when he stated to the jury, “[Robinson has] stolen before. He is, in fact, a thief.”
 

 ¶ 16. Clearly, Rule 404(a) prohibits the prosecutor’s argument as to Robinson’s predisposition to steal. We note that Rule 404(b) permits the use of evidence of a defendant’s other crimes, wrongs, or acts to show “proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.” However, neither the record, nor the present argument, shows any factual or probative connection between the past conviction and the crime charged to reflect any probative value tending to show intent, motive, or plan. The prosecutor’s comment on the evidence during closing argument urges the jury to conclude that because Robinson had been convicted of attempted grand larceny in 2001, then he also committed the burglary charged herein on October 11, 2007.
 
 See Watts v. State,
 
 635 So.2d 1364, 1368 (Miss.1994). Without a probative link or interconnecting evidence, we are left to conclude that the State’s argument regarding Robinson’s prior conviction constituted impermissible character predisposition evidence.
 
 See
 
 M.R.E. 404(a) (“Evidence of a person’s character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion[.]”).
 

 ¶ 17. Notably, Rule 609, under which the record reflects the trial judge allowed the prior conviction into evidence, applies to evidence used to
 
 impeach
 
 a witness. The attempted grand larceny conviction, however, failed to constitute a tool to impeach Robinson, because he did not testify. Therefore, the prior conviction could not have served to rebut any testimony or prior statement by Robinson regarding his
 
 *604
 
 character or as to a pertinent character trait, as allowed under Rule 404(a)(1) or for impeachment under Rule 609 or Mississippi Rule of Evidence 608.
 
 See Brent v. State,
 
 632 So.2d 936, 943 (Miss.1994) (explaining the distinction between evidence admissible under Rule 404(b) and Rule 609(a)).
 

 ¶ 18. In review of this evidentiary issue, we acknowledge that Rule 404(b) and Rule 609 use different tests to evaluate prejudice when admitting evidence. Rule 609 “presumes” prejudice in weighing probative value, while Rule 404(b) does not. Under Rule 609(a)(1)(B), to admit evidence of a criminal conviction of a party, such as a criminal defendant witness, as impeachment evidence, the trial court, presuming prejudice, must find that the probative value of the evidence outweighs its prejudicial effect to the party. The supreme court provided guidelines in
 
 Peterson v. State,
 
 518 So.2d 632, 636 (Miss.1987) to determine if the probative value is great enough to overcome the presumed prejudicial effect to that party and stated that the findings should be made on the record by the judge. M.R.E. 609 cmt.
 

 ¶ 19. Under the Rule 609
 
 Peterson
 
 analysis, the trial judge should make a determination on the record that the probative value of the proposed evidence outweighs the prejudicial effect to the defendant, by considering the following factors: “(1) the kind of crime involved; (2) when the conviction occurred; (3) importance of the witness’[s] testimony to the case; • [and] (4) the importance of the credibility of the defendant.”
 
 Peterson,
 
 518 So.2d at 636.
 

 ¶ 20. Interestingly, the circuit court in this case invoked Rule 609 as the basis for the admission of the 2001 conviction, but the stated purpose in the record for the admission asserts an intended purpose of proof of intent, plan, or scheme. Such purposes fail to constitute proper purposes pursuant to Rule 609 for allowing impeachment of witness testimony or challenges to the witness’s veracity by use of a prior conviction.
 

 ¶ 21. Rule 404(b) does, however, provide the basis for the admission of other crimes and acts for such “other purposes” when the evidentiary foundation for such admission exists and if the requirements of Mississippi Rule of Evidence 403 are met. As previously stated, to determine admissibility of the evidence, the trial court must weigh the evidence under Rule 609 differently than when weighing the evidence under Rule 404(b).
 

 ¶ 22. Under Rule 404(b), if the evidence meets the requirements of that rule for admission for some permissible purpose, then the trial court must still weigh the evidence under Rule 403, which allows exclusion of relevant evidence where the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
 

 ¶ 23. Nonetheless, in this case, the circuit court cited Mississippi Rule of Evidence 609 as the basis for admitting evidence of Robinson’s prior 2001 conviction. However, the record reflects no findings by the circuit judge reflecting any consideration of the
 
 Peterson
 
 factors.
 
 [4]
 
 Without such findings, we are simply unable to discern upon review from the cold record in this case that the circuit court found
 
 *605
 
 that the probative value of the prior conviction outweighed the Rule 609 presumed prejudicial effect to Robinson and, if so, how the court found as such, particularly when Robinson provided no testimony to impeach. We are also unable to discern upon our review whether the circuit court evaluated the admissibility of the evidence under Rule 404(b) for a proper purpose and then under Rule 403 to ensure the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice or confusion of the issues.
 
 See
 
 M.R.E. 403. Without the circuit judge weighing the evidence under Rule 403, we are left with a record that fails to support the admission of this prior conviction.
 

 ¶24. The comment to Rule 404 acknowledges that difficulty surrounds character evidence and its inferential use. The comment notes that Rule 404 refers to Rules 607, 608, and 609, with regard to character evidence that relates to the veracity of witnesses. Evidence of other crimes or acts for purposes such as motive, intent, plan, or scheme are indeed admissible where the offense in the instant case and in the past case are so interconnected as to be considered part of the same transaction. M.R.E. 404 cmt. Our jurisprudence also consistently allows evidence of a prior crime or act to be admitted to show identity, knowledge, intent, or motive.
 
 Id.
 
 At the very least, some scintilla or proper inference of connecting evidence should exist, if not a preponderance of the evidence. As previously noted, the record herein reflects no such probative link, proper inference, or connecting evidence between the past crime and the charged offense other than for the purpose of impermissibly arguing that Robinson acted in conformity with his past crime. In sum, not even a scintilla of connecting probative evidence exists to link the prior conviction with the indicted offense. Significantly, the only link between the two crimes is the shared character trait of trustworthiness.
 

 ¶25. Simply stated, the outcome of Robinson’s trial turned on whether Robinson intended to steal once inside the house on Grant Street. Despite arguing to the circuit judge that the evidentiary purpose of admitting Robinson’s prior conviction into evidence was to show evidence of motive or intent, the prosecutor nonetheless suggested to the jury that they should consider the prior conviction as proof that Robinson was “in fact, a thief.” Such an argument constitutes an impermissible use of the prior conviction as predisposition character evidence under Rule 404(a) and violates Robinson’s due process rights. Therefore, we find the circuit court abused its discretion in the admission of Robinson’s prior 2001 conviction.
 

 ¶ 26. While we find Robinson’s second assignment of error meritorious, we note on our own that the circuit judge provided the jury with an instruction to consider the lesser-included misdemeanor offense of trespass, but the jury instruction lacked any explanation regarding the elements of the misdemeanor crime of trespass. Significantly, the only difference in the elements of trespass
 
 [5]
 
 and burglary of a building is the defendant’s intent to steal. However, one crime is a felony, and the other is a misdemeanor. Without instruction as to the elements of trespass, the jury lacked the ability to properly consider the lesser-included instruction regarding trespass. 75A Am.Jur.2d
 
 Trial
 
 § 1048 (2007).
 

 ¶ 27. The record reflects that Robinson failed to object to the omission of these elements at trial and then failed to raise
 
 *606
 
 the omission as error in his motion for new trial. Robinson failed to assert the omission as error likewise on appeal. The lack of instruction impacts Robinson’s fundamental right to due process.
 
 Shaffer v. State,
 
 740 So.2d 273, 282 (¶ 31) (Miss.1998). We note that the test of whether a jury has been properly instructed on the necessary elements of a crime is whether the instructions leave no doubt as to the circumstances under which a crime can be found to have been committed. 75A Am. Jur.2d
 
 Trial
 
 § 1048.
 
 See also Shaffer,
 
 740 So.2d at 282 (¶ 31) (finding trial court’s omission of an element of depraved-heart murder in jury instructions constituted a fundamental error);
 
 State v. McMurry,
 
 906 So.2d 43, 46 (¶ 12) (Miss.Ct.App.2004) (trial court’s decision regarding proper or improper instructions involves a matter of law, particularly where the trial court instructs the jury on the State’s necessary burden of proof to convict);
 
 see generally Lopez v. Wyoming,
 
 139 P.3d 445, 452-53 (Wyo.2006) (finding that where the appellant raised no objection at trial, the prejudice caused by such asserted error must rise to the level of plain error).
 

 ¶ 28. Ironically, Robinson’s intent constituted the critical evidentiary difference distinguishing trespass from burglary. Intent also constituted the element of the indicted offense the prosecutor proved by use of prohibited predisposition character evidence, Robinson’s six-year-old prior conviction for a crime involving a lack of trustworthiness.
 

 CONCLUSION
 

 ¶ 29. For the foregoing reasons, we reverse Robinson’s conviction and sentence and remand his case for a new trial.
 

 ¶ 30. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
 

 KING, C.J., LEE, P.J., GRIFFIS and ISHEE, JJ„ CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. IRVING, ROBERTS AND MAXWELL, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. MYERS, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.
 

 [1]
 

 . Mississippi Code Annotated section 97-17-33(1) (Rev.2006) sets forth the following definition of burglary, which states in pertinent part, that:
 

 Every person who shall be convicted of breaking and entering, in the day or night, any ... building or private room or office therein ... in which any goods, merchandise, equipment or valuable thing shall be kept for use, sale, deposit, or transportation,
 
 with intent to steal therein, or to commit any felony ...
 
 shall be guilty of burglary, and imprisoned in the penitentiary not more than seven (7) years.
 

 
 *602
 
 (Emphasis added).
 

 [2]
 

 . Despite Robinson’s failure to object to the prosecutor’s comments during closing argument, the supreme court has held that reversal may be required in cases where a prosecutor improperly comments on a defendant’s right not to testify, even when the defendant makes no objection to the statement.
 
 Fears v. State,
 
 779 So.2d 1125, 1129 (¶ 18) (Miss.2000).
 

 [3]
 

 . The record reflects that the prosecution failed to provide notice in accordance with Mississippi Rule Evidence 404(b) of its intent to use a prior conviction for another purpose.
 

 [4]
 

 .
 
 See DeLoach v. State,
 
 722 So.2d 512, 520 (¶ 34) (Miss.1998) (modifying
 
 Peterson,
 
 finding that the trial court's failure to conduct the balancing test constituted error, which could be considered harmless where the verdict is supported by the overwhelming weight of the evidence).
 

 [5]
 

 .
 
 See Hall
 
 v.
 
 State,
 
 760 So.2d 817, 819 (¶ 12) (Miss.Ct.App.2000) (explaining that the intent to steal is the only difference between trespass and burglary).