# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01338-COA

**VERNON BROWN, JR. A/K/A VERNON BROWN**　　　　　　　　　**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**　　　　　　　　　　　　　　　　　　　　**APPELLEE**

DATE OF JUDGMENT:　　　　　　　　09/03/2014
TRIAL JUDGE:　　　　　　　　　　　HON. LEE J. HOWARD
COURT FROM WHICH APPEALED:　　LOWNDES COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:　　　　VERNON BROWN JR. (PRO SE)
ATTORNEY FOR APPELLEE:　　　　　OFFICE OF THE ATTORNEY GENERAL
　　　　　　　　　　　　　　　　　BY: ALICIA MARIE AINSWORTH
NATURE OF THE CASE:　　　　　　　CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:　　　　　MOTION FOR POSTCONVICTION RELIEF
　　　　　　　　　　　　　　　　　DISMISSED
DISPOSITION:　　　　　　　　　　　AFFIRMED - 04/12/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE IRVING, P.J., CARLTON AND JAMES, JJ.

### JAMES, J., FOR THE COURT:

¶1.　Vernon Brown Jr. (pro se) appeals from the judgment of the Lowndes County Circuit Court dismissing his motion for postconviction (PCR) relief. Finding no error, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2.　On October 27, 2011, Brown was indicted in cause number 2011-0406 for two counts of possession of a controlled substance, specifically hydrocodone and alprazolam, with the intent to distribute or transfer, in violation of Mississippi Code Annotated section 41-29-139 (Supp. 2015). On January 25, 2012, Brown was indicted in cause number 2012-0030 for

seven counts of the sale or transfer of narcotics, specifically hydrocodone, alprazolam, oxycodone, and cocaine, in violation of section 41-29-139. That same day, Brown was indicted in cause number 2012-0031 for two counts of possession of a controlled substance, specifically oxycodone and cocaine, in violation of section 41-29-139.

¶3.     As part of the plea agreement reached with Brown, the prosecution agreed to not seek sentence enhancements as a habitual offender. Brown filed petitions to enter guilty pleas on all eleven counts in each cause number, and the trial court held a plea hearing on May 29, 2012. Brown pled guilty to all eleven counts. The trial court found that Brown was competent to understand the nature of the charges against him; the nature and consequences of his pleas of guilty; and the maximum and minimum sentences in each case. The trial court also found that Brown's guilty plea was freely, voluntarily, knowingly, and intelligently entered. The prosecutor provided a sufficient factual basis for each of the eleven total counts.

¶4.     In cause number 2011-0406, Brown was sentenced to five years under count one, and five years under count two, with the sentences to be served concurrently. In cause number 2012-0030, Brown was sentenced to eight years under each of the seven counts, with the sentences to be served consecutively, and five years of postrelease supervision. In cause number 2012-0031, Brown was sentenced to eight years under count one, and two years under count two, with the sentences to be served consecutively. The total sentences in the separate cause numbers were ordered to be served consecutively, for a total of seventy-one years in the custody of the Mississippi Department of Corrections (MDOC). The trial court

also fined Brown $1,000 for each of the eleven counts.

¶5.    On August 4, 2014, Brown filed a PCR motion.  Brown, who was fifty-seven years old at the time of his sentencing, argued that the combined total sentence of seventy-one years was excessive because it exceeded his life expectancy, and the trial court erred because it did not consider his actuarial life expectancy.  The trial court dismissed the PCR motion on September 3, 2014, finding "that it properly consulted the applicable minimum and maximum sentences allowed when sentencing [Brown] during his agreed guilty plea."  The trial court also found that "[c]onsultation of the actuarial tables was not needed for the drug charges."  Finding no error, we affirm.

## STANDARD OF REVIEW

¶6.    In reviewing a trial court's decision to dismiss a PCR motion, an appellate court will not disturb the trial court's factual findings unless they are clearly erroneous.  *Rowland v. State*, 42 So. 3d 503, 506 (¶8) (Miss. 2010).  We review questions of law de novo.  *Id.*

## DISCUSSION

¶7.    The sole issue on appeal is whether the trial court erred by sentencing Brown to a combined number of years that exceeded his life expectancy and not consulting the actuarial life expectancy.

¶8.    "[S]entencing lies within the sole discretion of the trial court and, generally, will not be disturbed on appeal so long as it does not exceed the maximum term allowed by statute."  *Mosley v. State*, 104 So. 3d 839, 841 (¶10) (Miss. 2012) (quoting *Hoops v. State*, 681 So. 2d 521, 538 (Miss. 1996)).  Moreover, the Mississippi Supreme Court "has held that the total

of the sentences may exceed the actuarial life expectancy of the defendant." *Cannon v. State*, 919 So. 2d 913, 916-17 (¶10) (Miss. 2005) (citing *Erwin v. State*, 557 So. 2d 799, 803 (Miss. 1990)). The court has also stated that "drug offenses are very serious, and the public has expressed grave concern with the drug problem, to which the legislature has responded in kind with stiff penalties for drug offenders." *Mosley*, 104 So. 3d at 843 (¶15) (citing *Stromas v. State*, 618 So. 2d 116, 123 (Miss. 1993)).

¶9. In *Mosely*, the court held that the trial court did not abuse its discretion in sentencing the defendant to 126 years in the custody of the MDOC, without the benefit of probation or early release. *Id*. The court found that "although the term [the defendant] received [was] extremely lengthy, it [did] not exceed the maximum sentence allowed by statute." *Id*. Here, each sentence imposed on Brown under each count did not exceed the maximum term allowed by section 41-29-139.

¶10. In *Hogan v. State*, 832 So. 2d 1246, 1247 (¶¶1, 4) (Miss. Ct. App. 2002), the defendant was convicted of the sale and delivery of a controlled substance in violation of section 41-29-139. The defendant was sentenced to thirty years, with fifteen years suspended, to run consecutively to time being served in another cause. *Id*. at 1246 (¶3). The defendant argued that her sentence was illegal because it was tantamount to a life sentence. *Id*. at 1246-47 (¶3). Although her combined sentences equaled sixty years, which exceeded her life expectancy by thirty years at the time of her sentencing, this Court affirmed the sentence. *Id*. at 1247 (¶¶6-7).

¶11. Similarly, in *Cannon*, the court found that the trial court did not have to consider the

4

defendant's life expectancy for the conviction of unlawful delivery of methamphetamine and unlawful possession of more than thirty grams of methamphetamine with intent to distribute. *Cannon*, 919 So. 2d at 917 (¶11). The court explained: "The drug crimes for which [the defendant] was charged and convicted contain no limiting sentencing language similar to the armed robbery statute." *Id*. at (¶12).

¶12. The trial court was correct in that it did not have to consider Brown's life expectancy for his conviction of the eleven counts under section 41-29-139. Because the total of the sentences may exceed the actuarial life expectancy of the defendant, the trial court did not err when sentencing Brown. *See Cannon*, 919 So. 2d at 916-17 (¶10); *Hogan*, 832 So. 2d at 1247 (¶6). Accordingly, we affirm the trial court's dismissal of Brown's PCR motion.

¶13. **THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR. GREENLEE, J., NOT PARTICIPATING.**